94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald W. GEORGE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
*, Defendant-Appellee.
 No. 95-35827.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.**
Decided Aug. 14, 1996.
 
 1
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Donald George appeals summary judgment in favor of the Commissioner on the basis of the Commissioner's finding that George is not disabled. George argues that the Commissioner should have rejected the conclusions of his treating psychiatrist because they were contradicted by nontreating physicians' opinions. In addition, George claims that the Commissioner did not meet her burden of showing that George can perform available jobs because the vocational expert testified that someone with the impairments George's attorney described in a hypothetical question could not perform available work.
 
 
 4
 We review summary judgments de novo. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). We only overturn the Commissioner's decision[1] to deny benefits if the decision was not based on substantial evidence or if the decision was legally improper. 42 U.S.C. § 405(g); Andrews, 53 F.3d at 1039. And we uphold the Commissioner's decision where the evidence is susceptible of more than one interpretation. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 5
 ALJs must accord special weight to treating physicians' conclusions. Andrews, 53 F.3d at 1040-41. Indeed, an ALJ may only reject the conclusion of a treating physician if substantial evidence supports a different conclusion. Id. at 1041. George is correct that some conflict existed between the medical expert's opinion and that of the treating physician, but the ALJ did not err by giving the required presumption of validity to the treating physicians' conclusions. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992) (reviewing court may not substitute judgment for that of ALJ where evidence can support either outcome).
 
 
 6
 George's argument that the Commissioner failed to carry her burden of proving that George could work in specific jobs similarly fails. George claims that the ALJ failed to include all characteristics of George's disability when the ALJ asked the vocational expert a hypothetical question about what type of work George might perform. But the Commissioner specifically found that George did not actually suffer from the disability characteristics George points to as excluded from the hypothetical question. Because we affirm the Commissioner's findings concerning the degree of George's disability, we see no error in the Commissioner's refusal to consider the additional disabling characteristics George's counsel wanted considered. See Magallanes, 881 F.2d at 757 (limitation of evidence in hypothetical question posed to vocational expert is objectionable only if facts in question not supported in record).
 
 
 7
 Because he raises it for the first time on appeal, we do not consider George's argument that the ALJ should have explained to the vocational expert the meaning of the medical assessment rating of "fair." Matney, 981 F.2d at 1019.
 
 
 8
 The summary judgment affirming the ALJ's decision to deny DIB and SSI benefits to George is AFFIRMED. George's petition for attorney's fees pursuant to 28 U.S.C. § 2412 is DENIED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 When the Appeals Council denied review of the ALJ's decision, the ALJ's decision became the final decision of the Commissioner